# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE-OPELOUSAS DIVISION

KIMMY DAUNTAIN                                        CIVIL ACTION NO. 07-CV-1532

VS.                                                  JUDGE MELANÇON

COMMISSIONER OF SOCIAL SECURITY        MAGISTRATE JUDGE METHVIN

## *ORDER*

Before the court is a Petition for Attorney Fees filed by appellant Kimmy Dauntain

pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Rec. Doc. 10). The

motion is unopposed.

> The EAJA provides in relevant part that the amount of fees awarded:
> shall be based upon prevailing market rates for the kind and quality of the services
> furnished, except that . . . attorney fees shall not be awarded in excess of $125 per
> hour unless the court determines that an increase in the cost of living or a special
> factor . . . justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii). The EAJA "vests the district courts with discretion to arrive at a

reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors." *Yoes v.*

*Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006) (citation omitted). Although courts are clearly

authorized to figure cost of living increases into the hourly rate, heretofore, courts within this

district have regularly declined to award EAJA fees in excess of $125 per hour. *See e.g.,*

*Richards v. Astrue*, 2008 WL 4544374 (W. D. La. Oct. 7, 2008) (and cases cited therein).

However, when a given locale has experienced a significant change in the cost of living, the court

should increase the hourly rate beyond the nominal statutory cap. *Baker v. Bowen*, 839 F.2d

1075, 1084 (5th Cir. 1988). The rate need not precisely track the cost of living increase for the

geographical area, but instead should be calculated "only to the extent necessary to ensure an adequate source of representation." *Id*.

According to the undersigned's rudimentary calculations, the cost of living in this area has increased between 34 and 38.28 percent between March 1996 when the $125 cap was implemented, and December 2008, the year when the instant services were rendered. *See, Richards, supra* (claimant argued that CPI increased by 34.89 percent through December 2007).[1] This change is not insignificant. Increasing the $125 statutory cap by 34 to 38.28 percent would result in an hourly rate of $167.50 to $172.85. Absent other circumstances, however, the original $ 125 per hour reflected the *maximum* rate to be awarded under the EAJA. Thus, the CPI adjusted rate range of $167.50 to $172.85 contemplates the maximum rate that could be awarded today -- assuming the court's calculations are correct. *Baker, supra* (increased rate may never exceed the percentage by which the market rate increased since statute enacted).

Upon due consideration of prevailing market conditions and the healthy community of social security practitioners in this area, the court is inclined to implement an hourly rate of $150 per hour for legal services performed in 2008 forward for this, and future EAJA petitions. *See, Brown v. Astrue*, 2008 WL 4186877 (E.D. La. Sept. 9, 2008) (settling upon an hourly rate of

---

[1] In *Zamora v. Astrue*, the court calculated the cost of living adjustment by comparing the Consumer Price Index ("CPI") for March 1996, the year in which the $ 125 EAJA rate became effective, with the CPI for the period when the services were rendered. *Zamora v. Astrue*, 2009 WL 311312 *6, n1 (S. D. Tex. Feb. 9, 2009). To discern the percentage CPI increase, the court subtracted the March 1996 CPI for All Urban Consumers (155.7) from the then current CPI and divided the difference by the March 1996 CPI for All Urban Consumers (155.7). *Id*.

In the case *sub judice*, the March 1996 CPI for all Urban Consumers in the South was 152.4; the annual 2008 CPI for All Urban Consumers was 215.303, and the annual 2008 CPI for all Urban Consumers in the South was 208.681. *See*, *http://data.bls.gov/cgi-bin/surveymost?cu*.

Depending on whether the national or southern CPI's are used, or a combination thereof, the CPI has increased by 34.03 percent (208.681-155.7 / 155.7); 38.28 percent (215.303-155.7 / 155.7); or 36.93 percent (208.681-152.4 / 152.4) since March 1996. This CPI change would increase the $ 125 cap to between $ 167.54 and $ 172.85.

$150). Accordingly, within the next 14 days from the date of this order, the parties are invited to submit any briefs and/or evidence relative to this issue. Counsel shall provide a copy of any brief.

Signed at Lafayette, Louisiana, on April 11, 2009.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)